ORIGINAL

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ST. PAUL PAINTING INDUSTRY HEALTH AND WELFARE FUND, ST. PAUL PAINTING INDUSTRY PENSION FUND, ST. PAUL PAINTING INDUSTRY VACATION FUND,

Plaintiffs,

and

MINNEAPOLIS PAINTING INDUSTRY HEALTH AND WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND, MINNESOTA STATE CONFERENCE OF PAINTERS,

Plaintiffs,

vs.

JACKSON DECORATING CO. and ARTHUR M. JACKSON, individually,

Defendants.

Civil File No. 00-2576 MJD/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 9th day of March, 2001. Pamela H. Nissen of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants. Based upon the submissions of the Plaintiffs, and representations of counsel at the hearing, the Court makes the following:

FILED MAR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on November 22, 2000.

2. Defendants Jackson Decorating and Arthur M. Jackson were personally served with the Summons and Complaint in this matter on November 29, 2000.

3. Defendants have both failed to file and serve and Answer.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

5. Defendants Jackson Decorating Co. and Arthur M. Jackson accepted and agreed to be bound by a certain Collective Bargaining Agreement ("Bargaining Agreement") with the Painters Local Union No. 386. The Bargaining Agreement obligates Defendants, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

6. Defendant Arthur M. Jackson is the principal owner and officer of Jackson Decorating Co. and agreed to be personally bound to the obligations under the Agreement.

7. The Bargaining Agreement entitles the Plaintiff Funds to request that all employers produce records for review by the Funds to determine the employer's compliance with the reporting and payment obligations.

8. The Bargaining Agreement provides that Defendants pay liquidated damages of 10% of delinquent contributions on all unpaid contributions, plus interest on the unpaid contributions.

9. Plaintiff Funds performed an audit of Defendants' records to determine compliance with the Collective Bargaining Agreement for the period April 1999 through September 2000.

10. Plaintiffs found $13,665.18 owing to the Minneapolis Painting Industry Fringe Funds for fringe benefit contributions pursuant to the audit of Defendants' records for the period April 1999 through September 2000.

11. Plaintiffs found $8,826.55 owing to the St. Paul Painting Industry Fringe Funds for fringe benefit contributions pursuant to the audit of Defendants' records for the period April 1999 through September 2000.

12. Defendants owe to the Minneapolis Painting Industry Fringe Funds $4,856.39 in liquidated damages and as a bond assessment for failure to obtain a bond, pursuant to the audit of Defendants' records for the period April 1999 through September 2000.

13. Defendants owe to the St. Paul Painting Industry Fringe Funds $1,765.96 in liquidated damages and as a bond assessment for failure to obtain a bond, pursuant to the audit of Defendants' records for the period April 1999 through September 2000.

14. The Bargaining Agreement provides that if amounts shown to be due pursuant to an audit exceed $100.00, Defendants must pay the costs of the audit.

15. Plaintiff Minneapolis Painting Industry Fringe Funds auditing fees total $140.00.

16. The Bargaining Agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

17. Plaintiffs' reasonable attorney's fees and costs of this action are $1,231.71.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to a entry of Default Judgment.

2. Defendants owe to the Minneapolis Painting Industry Fringe Funds $18,661.57 for amounts found to be due pursuant to the audit of Defendants' records for the period April 1999 through September 2000 for fringe benefit contributions, liquidated damages, bond assessment, and audit fees.

3. Defendants owe to the St. Paul Painting Industry Fringe Funds $10,592.91 for amounts found to be due pursuant to the audit of Defendants' records for the period April 1999 through September 2000 for fringe benefit contributions, liquidated damages, and bond assessment fee.

4. Defendants owe additional amounts to the Minneapolis Painting Industry Fringe Funds of $1,231.71 for attorneys' fees and costs.

## ORDER

**IT IS ORDERED:**

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Judgment be entered in favor of Plaintiff Minneapolis Painting Industry fringe benefit funds collectively in the amount of $19,893.28.

3. That judgment be entered in favor of Plaintiff St. Paul Painting Industry fringe benefit funds collectively in the amount of $10, 592.91.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 9, 2001

Michael J. Davis
Michael J. Davis
United States District Court Judge